**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LOUISE OLIVER**                                                                                                **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 4:11-CV-0082-SA-JMV**

**FOOD GIANT SUPERMARKETS, INC., AND
GENESIS HOSPICE CARE, LLC**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court are Plaintiff's Motion to Remand [7] and Motion For Leave to File Her First Amended Complaint [11]. As the effects of these motions on the disposition of this case are inextricably linked, the Court issues its opinion and rulings together. After reviewing the motions, responses, rules, and authorities, the Court finds as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Louise Oliver commenced this suit in the Circuit Court of Leflore County, asserting state law claims for negligence and negligence per se against Defendants Food Giant Supermarkets, Inc. and Genesis Hospice Care, LLC, arising out of an incident that occurred in a Food Giant Supermarket in Greenwood, Mississippi. Specifically, the complaint alleged that the Plaintiff sustained "severe and permanent mental and physical pain and suffering, emotional distress, medical expenses and inconvenience" as a result of slipping and falling inside the store.

Defendant Food Giant Supermarkets, Inc. removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Regarding diversity of citizenship, the Notice of Removal states simply that Defendant Genesis Hospice Care, LLC "has been fraudulently and improperly joined for the purpose of defeating diversity jurisdiction since it is not liable to Plaintiff under the facts and law applicable to this case." Plaintiff has filed a motion to remand to state court

and has requested that the Court award her all costs and expenses related to removal. Plaintiff asserts Defendant failed to meet its burden of proof regarding improper joinder, and therefore, its removal was improper. Defendant has filed a response in opposition to the motion to remand.

Before the Court ruled on Plaintiff's motion to remand, Plaintiff filed a motion for leave to file an amended complaint based upon newly discovered facts which came to light once Genesis Hospice Care, LLC answered the original complaint.[1] Defendant has also filed a response in opposition to the motion to amend.

## STANDARD

### *Amending the Pleadings*

"The court shall freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). As the Supreme Court has explained, this is so because when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182; 83 S. Ct. 227, 230; 9 L. Ed. 2d 222, 226 (1962).

The Fifth Circuit has "held that a district court abuses its discretion . . . when it gives no reasons for denying a timely motion to amend, at least when the defendant would not be unduly prejudiced by the amendment." United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270-271 (5th Cir. 2010); see also State of Louisiana v. Litton Mortg. Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995) ( "A decision to grant leave is within the discretion of the court, although if the court

---

[1]Apparently unaware of Food Giant's removal, Genesis filed its answer to Plaintiff's complaint in state court. Plaintiff attached Genesis' answer to her motion to amend, as did Defendant Food Giant to its response to Plaintiff's motion to amend and to a supplement to its response to Plaintiff's motion to remand.

lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial."(quotations omitted)). However, the Fifth Circuit in <u>Rosenblatt v. United Way of Greater Houston</u>, quoting <u>Foman</u>, did specify "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment" as circumstances which might warrant a district court's denial of a motion requesting leave to amend the pleadings. 607 F.3d 413, 419 (5th Cir. 2010)(quotations omitted).

*Remand*

Federal courts are courts of limited jurisdiction. <u>Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1</u>, 665 F.2d 594, 595 (5th Cir. 1982). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); <u>Addo v. Globe Life and Accident Ins. Co.</u>, 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." <u>Eastus</u>

v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

**ANALYSIS AND DISCUSSION**

It is clear from the filings of this case, that the purchase of Workers' Compensation insurance by Genesis was unknown to both Plaintiff and Food Giant at the time of removal. Neither party alleged facts supporting the existence of such a policy until after Genesis filed its answer in state court, at which time it indicated that it had indeed procured coverage for its employees that would have been in effect at the time of Plaintiff's alleged fall. Upon discovery of this new information, both Plaintiff and Food Giant submitted Genesis' answer to this Court for consideration - Food Giant in a supplement to its Response to Plaintiff's Motion to Remand [12] and Plaintiff in a Motion for Leave to File Her First Amended Complaint [11]. Both Plaintiff and Food Giant now rely upon Genesis' Workers Compensation coverage to support the arguments in their respective filings and offer no evidence to rebut Genesis' statements in its answer. The Court may properly consider this evidence according to Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004)(holding that if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the Court "may, in its discretion, pierce the pleadings and conduct a summary inquiry").

Plaintiff in her original complaint asserts claims of negligence and negligence per se against Genesis arising out of an injury that allegedly occurred within the scope of her employment. Under

the Mississippi Workers' Compensation Act, "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee" unless "an employer fails to secure payment of compensation as required by this chapter," in which case "an injured employee. . . may maintain an action at law for damages on account of such injury." Miss. Code Ann. § 71-3-9. Consequently, Plaintiff would be precluded by Genesis' Workers' Compensation coverage from bringing an action at law based upon the allegations of her original complaint, and thus there can be no reasonable basis to predict that Plaintiff could recover from Genesis under state law.

Plaintiff, certainly cognizant of this, now seeks to amend her complaint to allege the claim of fraudulent misrepresentation rather than negligence claims against Genesis. Plaintiff's injury occurred well over four years ago, and she is now barred from filing a Workers' Compensation claim, allegedly as a result of Genesis' knowingly false statements. Miss. Code Ann. § 71-3-35(1). Unlike negligence claims, the intentional tort of fraudulent misrepresentation would most likely not be barred by the Mississippi Workers' Compensation Act, as the exclusive remedy provisions of the Act do not apply to willful and malicious acts of employers committed with an actual intent to injure. Franklin Corp. v. Tedford, 18 So.3d 215, 230-231 (Miss. 2009); see also Koury v. Ready, 911 So.2d 441, 445 (Miss. 2005)(explaining the elements of fraud). Hence, Plaintiff's amended claim against Genesis would not be impossible for the same reason as those alleged in the original complaint.

As Plaintiff's amended complaint potentially establishes a valid claim against Genesis where there would otherwise be none, Plaintiff's motion to amend is analytically most similar to a post-removal motion to join a non-diverse defendant. Pursuant to 28 U.S.C. § 1447(e), the Court "may

deny joinder, or permit joinder and remand the action to the State court" if the "plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction" after removal. See Doleac v. Michalson, 264 F.3d 470, 475 (5th Cir. 2001). When evaluating post-removal joinder, "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999). Rather, "the defendant . . . has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join." Id. at 678. "[O]nce a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, the court loses subject matter jurisdiction, and remand is required pursuant to 28 U.S.C. § 1447(e)." Borden v. Allstate Ins. Co., 589 F.3d 168, 171 (5th Cir. 2009)(quotations omitted).

Food Giant cites Dravo Corp. v. Copeland to support its argument that Plaintiff has no possibility of recovery against Genesis, even under the proposed amended complaint. 190 Miss. 269, 275 (Miss. 1941)("The master is not liable for injuries occasioned to a servant upon premises over which the master has no control and which he has neither duty nor right to repair."). Food Giant contends that there is no reasonable basis to predict that Plaintiff could recover against Genesis on its proposed claim of fraudulent misrepresentation because she could not have recovered from Genesis had she filed a timely Workers' Compensation claim.

For the Court to determine whether or not such a claim would have been successful if filed with the Mississippi Workers' Compensation Commission would be an impermissible determination of the merits of Plaintiff's claim. "Where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a

merits determination which must be made by the state court." Collins v. Am. Home Prods. Corp., 343 F.3d 765, 768-769 (5th Cir. 2003).

The Court instead looks to the elements of a claim of fraudulent misrepresentation under Mississippi law, which requires that a plaintiff show "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." Koury, 911 So.2d at 445 (quoting Mabus v. St. James Episcopal Church, 884 So. 2d 747, 762 (Miss. 2004)). Based upon the facts alleged in her amended complaint, the Court finds that Plaintiff has stated at least a colorable claim of fraudulent misrepresentation against Genesis. Any further determination of the strength of that claim is a determination for a state court and outside the proper scope of this Court's inquiry.

The Court also finds that no other circumstance under Rosenblatt applies here which might properly allow denial of Plaintiff's motion to amend. Accordingly, the Court finds that Plaintiff's motion for leave to amend her complaint should be granted. The Court then has no subject matter jurisdiction over this matter, as there does not exist complete diversity among the parties. Therefore, Plaintiff's motion to remand is also granted.

## **CONCLUSION**

For all of the foregoing reasons, the Court finds that Plaintiff has asserted a colorable claim against the non-diverse defendant Genesis Hospice Care, LLC in her proposed amended complaint, and therefore her Motion for Leave to Amend [11] is GRANTED. Additionally, as the Court lacks subject matter jurisdiction over this case, Plaintiff's Motion to Remand [7] is also GRANTED.

Plaintiff's request for costs, expenses, and attorney's fees incurred as a result of removal is DENIED as there existed a reasonable basis for Defendant Food Giant to assert federal jurisdiction at the time of removal. A separate order to that effect shall issue this day.

SO ORDERED on this, the 17th day of August, 2012.

                                           **/s/ Sharion Aycock**
                                           **UNITED STATES DISTRICT JUDGE**